IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

UNITED STATES OF AMERICA, )
)
    Plaintiff/Respondent, )
)
vs. ) No. 03-2446 DV
)
)
ANTONIO WILLIAMS, )
)
    Defendant/Petitioner. )

---

REPORT AND RECOMMENDATION ON PETITIONER ANTONIO WILLIAMS' MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

---

Before the court is a single issue included in the April 15, 2003 motion of the petitioner, Antonio Williams, under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed for his convictions of (1) conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and (2) possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841(a).  Specifically, the issue before the court is Williams' assertion that his appointed counsel, Steve Leffler ("Leffler"), was ineffective based upon his failure to sufficiently advise Williams of his sentencing exposure and plea offers relating to these charges.  The matter was referred the United States Magistrate Judge for a limited evidentiary hearing and a report and recommendation.  The respondent, the United States of America, filed a response in opposition to Williams' motion, and Williams filed a reply to the government's

response.

Pursuant to the reference, an evidentiary hearing was held on October 29, 2008, on the limited issue of whether Leffler had provided ineffective counsel to Williams by failing to inform him of his sentencing exposure and plea offers. At the hearing, Williams testified on his own behalf. The government called Leffler as a witness. For the reasons that follow, the court recommends that Williams' motion be denied.

PROPOSED FINDINGS OF FACT

On December 2, 1998, Williams and Stanley Campbell ("Campbell") were charged with two counts of cocaine distribution in a second superceding indictment (" the Indictment"). The first count charged Williams and Campbell with conspiring to possess with intent to distribute cocaine in an amount in excess of five kilograms in violation of 21 U.S.C. § 846. The second count charged Williams and Campbell with possession with intent to distribute approximately three kilograms of cocaine on or about March 20, 1998. Leffler, a Criminal Justice Act ("CJA") panel attorney, was appointed to represent Williams as legal counsel in these criminal proceedings. Bruce Griffey ("Griffey"), another CJA panel attorney, was appointed to represent Campbell.

On March 5, 1999, after a four day trial, a jury returned a verdict of guilty as to Williams and Campbell on both counts of the Indictment. Subsequently, the United States Probation Office filed

a presentence investigation report and addendum, both parties filed position papers, and the government filed a response to the defendants' position papers. At the sentencing hearing, the trial judge found that the government's estimate of relevant conduct based on between fifteen and fifty kilograms of cocaine was appropriate and sentenced Williams to prison for 292 months. Williams appealed his sentence to the United States Court of Appeals for the Sixth Circuit, which upheld the trial judge's sentencing ruling on the basis that it did not exceed the statutory maximum for the offense. The United States Supreme Court denied Williams' petition for writ of certiorari. On April 15, 2003, Williams filed the present motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. His motion raised five grounds for relief but only one issue was referred for a hearing.

PROPOSED CONCLUSIONS OF LAW

Williams does not dispute that he is guilty of the charges in the Indictment, that he maintained his innocence to Leffler as to the charges, that he received a copy of the Indictment which listed his sentencing exposure for the charges, and that he had previously pled guilty in state court to other offenses and therefore knew he had that option. According to Williams' testimony, after Leffler was appointed as his counsel for the charges in the Indictment, he only met with Leffler twice at Leffler's office prior to his trial. At the first meeting, Leffler went over the Indictment with

Williams and also took down background information from Williams. At the second meeting, according to Williams, Leffler told him about a plea offer from the government under which Williams would receive a twelve-year sentence and that he and Leffler also talked about Williams falling within Category Three of the sentencing guidelines. Williams testified that before he could make a decision as to whether he should accept the plea agreement, Leffler received a call from Griffey, counsel for Williams' co-defendant Campbell, regarding the criminal proceedings against Williams and Campbell. Williams testified that during this phone call, Griffey communicated to Leffler that he had devised a trial strategy for beating the charges in the indictment, that Campbell was planning to go to trial on the charges, and that it would be best for Campbell's case if Williams went to trial and did not enter a guilty plea. After this phone call, Williams claims that Leffler did not give him any opportunity to accept or reject the twelve-year plea offer from the government but rather simply told Williams that he would be going to trial.

Williams also testified that Leffler misled him to believe there was strong evidence in his favor and that the government had weak evidence. In particular, Williams stated that Leffler told him that he had spoken to witnesses with knowledge of the facts underlying the charges in the Indictment who had stated that they either did not know Williams or that he was not involved in the

underlying conspiracy. Further, Williams asserts that only Leffler viewed the government's evidence against him, that Leffler told Williams that this evidence was not surprising, and that he had seen other defendants escape conviction with more incriminating evidence against them.

Moreover, Williams testified that Leffler never discussed with him what would happen if he proceeded to trial and was found guilty. Specifically, Williams stated that Leffler did not explain the concept of relevant conduct or Williams' sentencing exposure. Williams asserted that this failure, along with Leffler's statements regarding witnesses and evidence and Leffler's insistence that going to trial would be best for Campbell's case, caused him to go to trial when he would have otherwise pleaded guilty to the charges to receive a lesser sentence. According to Williams, Leffler exclusively decided that Williams would proceed to trial and convinced Williams to go along with that decision by misleading him to believe that was the best strategy. Williams testified that he wanted go to trial only because Leffler convinced him that he could be successful at trial by telling him about witness statements Leffler had obtained in Williams' favor, the unconvincing nature of the evidence in possession of the government, and emphasizing that it would be favorable to Campbell's case. Additionally, Williams testified that Leffler did not inform him of the extent of the sentence he could receive

should a jury find him guilty.

The government contends that Leffler fully informed Williams as to any plea agreements and sentencing exposure he may have. Further, the government states that while Leffler advised Williams in his role as an experienced attorney appointed as legal counsel, the decision to proceed to trial was made by Williams exclusively.

Leffler testified that he advised Williams to the best of his ability as to relevant conduct, his sentencing exposure under the sentencing guidelines in the event of a trial, and Williams' likely sentencing in the event of a guilty plea. Leffler also testified that he discussed the case against Campbell and Williams generally with Griffey, that he learned that Campbell wanted to proceed to trial because he had narrowly missed being acquitted on a previous charge, and that he may have shared this with his client, but that he did not coerce Williams into going to trial based on this fact. To the contrary, Leffler testified that he left the decision of whether to proceed to trial up to Williams after advising him as to the consequences associated with trial under the sentencing guidelines.

Leffler did not recall receiving a plea offer in this case, but stated that a plea offer of a specific sentence in years would have been highly irregular. At the time of the evidentiary hearing, Leffler no longer had Williams' file in his possession, but he was still in possession of Williams' file in 2003 when

Williams first filed his habeas corpus petition. At that time, Leffler signed a sworn affidavit in which he stated that he did not recall any plea offer of twelve years, but that he believed the plea offer Williams referred to in his motion may have included a recommendation as to a specific amount of relevant conduct and that may have led Leffler to predict that, should Williams accept the plea offer, he may receive a sentence in the range of twelve years. Regardless, Leffler testified that it was his standard practice to present any plea offer to his client and to allow his client to accept or reject it. Leffler candidly acknowledged that, given the fact that Williams maintained his innocence to him prior to trial, he would have had difficulty ethically allowing him to enter a guilty plea and would not have spent as much time going over sentencing.

PROPOSED CONCLUSIONS OF LAW

A convicted defendant claiming ineffective assistance of counsel is required to establish two elements. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the convicted defendant must establish that his counsel's performance was deficient. *Id*. This deficient performance must be such that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. Additionally, the convicted defendant must show that his counsel's deficient performance was so prejudicial that it deprived him of a fair

trial.  *Id.*  "[J]udicial scrutiny of counsel's performance must be highly deferential . . . [T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Id.* at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

A convicted defendant may establish that his counsel's performance was deficient by showing that his counsel failed to sufficiently counsel him on the decision of whether to go to trial. *Turner v. State*, 858 F.2d 1201, 1205 (6th Cir. 1988) *vacated on other grounds*, 492 U.S. 902, *reinstated* 726 F.Supp. 113 (M.D. Tenn. 1989), *aff'd*, 940 F.2d 1000 (6th Cir. 1991).  While the decision of whether to proceed to trial or enter a guilty plea rests at all times with the client, an attorney has a "clear obligation to fully inform her client of the available options." *Smith v. U.S.*, 348 F.3d 545, 552 (6th Cir. 2003).  Accordingly, while an attorney is obligated to share any plea offers with his client and is deficient if he does not, the attorney's obligations do not end there.  The Sixth Circuit also requires the attorney to review the charges against the defendant with him, explain the elements the government must prove to obtain a conviction on those charges, discuss the evidence against the defendant as it relates to the elements the government must prove, and explain the defendant's sentencing exposure as to each of the options available to him.  *Id.* (holding that the "failure of defense counsel to 'provide professional

guidance to a defendant regarding his sentencing exposure prior to a plea may constitute deficient assistance.'" (quoting *Moss v. United States*, 323 F.3d 445, 474 (6th Cir. 2003)).

The fact that a petitioner had maintained his innocence as to the charges does not excuse counsel's failure to fully advise him as to all options including a guilty plea, as "'reasons other than the fact that he is guilty may induce a defendant to so plead.'" *Id.* (quoting *North Carolina v. Alford*, 400 U.S. 25, 33 (1970)). The court may, however, consider the defendant's protestations of innocence in its analysis on this issue. *Id.*

As to the second element of *Strickland*, the convicted defendant must establish that "there is a reasonable probability the petitioner would have pleaded guilty given competent advice." *Griffin v. U.S.*, 330 F.3d 733, 737 (6th Cir. 2003) (citing *Turner*, 858 F.2d at 1206). The Sixth Circuit has expressly declined to adopt a requirement that a convicted defendant establish by objective evidence that he would have pleaded guilty had his counsel competently advised him. *Id.* (citing *Dedvukivic v. Martin*, 36 Fed.Appx. 795, 798 (6th Cir. 2002)(unpublished)). Thus, a court may rely on a defendant's self-serving testimony that he would have accepted the plea agreement had his counsel sufficiently advised him. *Id.* Additionally, a court may rely on a large disparity between the sentence offered in exchange for a guilty plea and the punishment contained in the indictment as sufficient to "establish

a reasonable probability that a properly informed and advised defendant would have accepted the prosecution's offer." *Id.* (quoting *Dedvukovic*, 36 Fed.Appx. at 798).

It is submitted that the petitioner has failed to establish that Leffler was ineffective counsel to Williams in advising Williams as to his sentencing exposure and the option of entering a guilty plea. Leffler testified that he advised Williams to the best of his ability as to the penalties Williams could face for the crimes charged in the Indictment if he proceeded to trial and if he entered a guilty plea. Williams himself testified that Leffler presented him with a plea offer of twelve years and also discussed with him the fact that he fell under Category Three of the sentencing guidelines. Williams' sworn testimony that he discussed these specific terms of sentencing with Leffler lends credibility to Leffler's testimony that he fully advised Williams as to these matters, and the court finds Leffler's testimony fully credible in this regard. Thus, in light of Williams' own recollection of his discussion with Leffler regarding his sentencing exposure under the guidelines and the plea offer, this court submits that Leffler did not fail to fully advise his client in an effective manner as to sentencing even if the court accepted as true Williams' assertion that Leffler presented him with a twelve-year plea offer but still insisted that Williams proceed to trial.

The court, however, does not find Williams' testimony to be

fully credible in all respects. For instance, the court does not believe Williams' testimony that Leffler spoke with witnesses who had knowledge of the conspiracy but denied any involvement of Williams in the conspiracy. If these witnesses did in fact have knowledge of the conspiracy, they would be co-conspirators. They could not have testified on Williams' behalf without incriminating themselves unless they had immunity from prosecution.

Moreover, even if the court believes Williams' testimony that Leffler insisted he proceed to trial, it is submitted that Leffler's advice to Williams to proceed to trial was not outside the realm of what may be considered sound strategy so as to constitute ineffective assistance of counsel. Williams argues that Leffler misled him into believing he should go to trial by advising Williams that: (1) the government's evidence against Williams was not as strong as the government's evidence against other defendants who had escaped conviction at trial; (2) individuals involved in the conspiracy with whom Leffler had spoken had denied either knowing Williams or Williams' involvement in the conspiracy; and (3) it would be better for Campbell's case if Williams went to trial. Rather than establishing that Leffler pressured Williams to go to trial against his best interests, however, Williams' testimony as to his first two assertions demonstrate that Leffler discussed the evidence with Williams and advised Williams that he could succeed at trial based upon his professional opinion of all

the evidence available at the time. As to Williams' third assertion, the court does not find Williams' allegation that Leffler coerced Williams to go to trial in order to help Campbell escape conviction as believable. Thus, Williams has not overcome the presumption that, under the circumstances as they existed, Leffler's advice that he should proceed to trial was within the realm of sound strategy.

Accordingly, the court finds that Leffler sufficiently advised Williams of his sentencing exposure, of any plea offers, and sufficiently counseled Williams on proceeding to trial or accepting a plea offer. Therefore, the court finds that Williams has failed to prove that he received ineffective assistance of counsel.

RECOMMENDATION

Accordingly, it is recommended that Williams' motion to vacate, set aside, or correct sentence by a person in federal custody be denied.

Respectfully submitted this 18th day of November, 2008.


s/ Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE