# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff/Respondent, | ) |
| v. | ) Case No. 2:03-cv-2246 |
| **ANTONIO WILLIAMS,** | ) |
| Defendant/Petitioner. | ) |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant/Petitioner Antonio Williams' motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence. (D.E. #48). This matter was referred to the Magistrate Judge for a Report and Recommendation. (D.E. #25). Defendant/Petitioner Williams filed a written objection to the Magistrate Judge's Report and Recommendation objecting to the Magistrate Judge's proposed findings of fact and law. (D.E. #55). Defendant/Petitioner Williams also requested a de novo review and hearing before this Court. The government moves the Court to adopt the Report and Recommendation of the Magistrate Judge. (D.E. #56). For the reasons stated herein, the Court **ADOPTS** the Magistrate Judge's recommendations.

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); Callier v. Gray, 167 F.3d 977, 980 (6th Cir. 1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). They may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). However, when a dispositive matter is referred, the magistrate judge's

authority only extends to issuing proposed findings of fact and recommendations for disposition, which the district court may adopt or not. The district court also has the authority to refer other matters to the magistrate judge, including certain post-trial matters, such as, in certain circumstances, a determination of damages or a petition for attorney's fees. 28 U.S.C. § 636(b)(3); Callier v. Gray, 167 F.3d 977, 982-83 (6th Cir. 1999)(citing Gomez v. United States, 490 U.S. 858 (1989); Mathews v. Weber, 423 U.S. 261 (1976)).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends upon the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). However, if the magistrate judge's order was issued in response to a dispositive motion or prisoner petition, the district court should engage in de novo review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b); U.S. Fidelity and Guaranty Co. v. Thomas Solvent Co., 955 F.2d 1085, 1088 (6th Cir. 1992).

A de novo review requires the reviewing court to reconsider the matter in its entirety, without granting any weight or consideration to the lower court's decision. A de novo review, however, does not require the reviewing court to disagree with any of the findings of the lower court. See United States v. Navarro-Camacho, 186 F.3d 701, 709 (6th Cir. 1999).

In the present case, after reviewing the Report and Recommendation of Magistrate Judge Vescovo and the record in its entirety, the Court finds the reasoning in Magistrate Judge

Vescovo's Report and Recommendation to be persuasive. Accordingly, the Court **ADOPTS** the Report and Recommendations of the Magistrate Judge. Based on the foregoing, the Court **DENIES** Defendant/Petitioner's motion and objections to the Report and Recommendation and **DENIES** Defendant/Petitioner Antonio Williams' motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence.

**IT IS SO ORDERED** this the 10th day of February, 2009.

                                                  s/Bernice B. Donald
                                                  BERNICE BOUIE DONALD
                                                  UNITED STATES DISTRICT JUDGE